Arthur H. Foote et al., Trustees, Appellants, v. Horatio J. Bowman and Horatio J. Bowman, Trustee, Appellees.

### · (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 5, 1918.

### Statement of the Case.

Bill for an accounting by Arthur H. Foote, Edwin I. Hyke and Charles R. Laws, trustees in bankruptcy of the estate of Bryant, Gore & Bowman Sales Company, complainants, against Horatio J. Bowman, individually and as trustee of the estate of S. Ryder, defendants. From a decree dismissing the bill for want of equity, complainants appeal.

GRANT & GRANT and WILLIAMSON, BURROUGHS & RYDER, for appellants.

J. V. E. MARSH, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 732*—*when foreign may sue to collect subscription to stock.* The courts of this State have jurisdiction to entertain a bill for an accounting for an unpaid balance due on a subscription for stock in a foreign corporation.

2. CORPORATIONS, § 766*—*when contention that burden is on subscriber to stock under foreign law to prove full payment is untenable.* On a bill for an accounting for the unpaid balance due on the stock of a foreign corporation, complainants' contention that under the law of the state of incorporation the burden was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

upon defendants to prove that the stock had been fully paid is untenable, where the bill did not set out the provisions of the foreign law relied upon.

3. Corporations, § 124*—*what may be used in payment for stock.* The good will of a corporation may have a money value which may be used in payment of corporate stock of another company to the extent of its value.

4. Witnesses, § 224*—*what is proper cross-examination.* Where the testimony in chief of a witness related to the assets of a corporation and as to whether or not they were increasing or diminishing in value as the business was being conducted, cross-examination as to the number of customers, the profits of the business, the standing of the corporation among its creditors and the reasons for its financial embarrassment, was warranted.

5. Corporations, § 124*—*when shown that stock was fully paid for by transfer of assets of another corporation.* On a bill for an accounting for an unpaid balance alleged to be due on the stock of a foreign corporation, defendants' claim that the stock had been fully paid for by the transfer of the assets of another corporation, *held* to have been sustained as against complainants' contention that half the value of the assets transferred consisted in the good will of the old corporation, which as a matter of fact had no value at all, the old corporation having paid no dividends for a period of 10 or 12 years; it being shown that the good will was a valuable asset, the old corporation having during that period carried on a large and profitable business, and having a high standing among its creditors, having been prevented from paying dividends by entering into an onerous lease which imposed a greatly increased and excessive rental.

Higbee, J., dissenting.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.